UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:03CV-32-H

CORRY BURKE, et al.                                                                                       PLAINTIFFS

v.

U-HAUL INTERNATIONAL, INC. and
FORD MOTOR COMPANY                                                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Defendant, Ford Motor Company ("Ford"), has moved for summary judgment on all Plaintiffs' claims, except its claim of design defect. The parties have fully briefed the issues and have discussed it with the Court.

Ford analyzes each of the ways that Plaintiffs seek to prove their products liability case. Plaintiffs respond that these separate claims must be looked at from the larger context of the entire products liability cause of action. This may be true in concept; however, there are only so many means by which Plaintiffs can prove that a defective and unreasonably dangerous product caused injury.

I.

The Court finds very little reality to Plaintiffs' claims that Ford either breached a warranty or failed to warn Plaintiffs of an otherwise unknown danger. Ford correctly explains that Plaintiffs have submitted neither evidence nor legal theory to support that breach of warranty claims. Chris Burke purchased the vehicle second hand from a San Diego, California,

dealer. He cannot describe any express, implied or other warranties Ford might have carried over to the purchaser of a used vehicle. Plaintiffs virtually concede the point by failing to respond to this argument.

Plaintiffs' failure to warn claim consists of their assertion that Ford should have included a statement on the Explorer bumper that operators should consult the owner's manual before use for towing. Such an argument defies legal logic and the evidence in this case. To warn operators that they should consult the owner's manual does not convey a message other than that which is otherwise obvious. Indeed, Chris Burke was already aware that improper combination of vehicle and dolly could have dangerous consequences. The evidence establishes that Chris Burke was concerned about the safety of trailers and dollies that he towed. He sought and received advice from those most directly concerned and available: those who leased the dolly.

For these reasons, the record also establishes that the absence of a specific warning on an Explorer bumper did not contribute to cause this accident. Indeed, Plaintiffs argued that Chris Burke consulted U-Haul's employees on at least several occasions and that these persons were negligent in the advice provided. The Court agrees that U-Haul is the only Defendant with a reasonable duty to warn about the hazards of towing its leased dolly. Plaintiffs have no products liability claim based on the failure of Ford to warn of a known potential danger.

II.

Plaintiffs fail to respond directly to Ford's assertion they have failed to present any proof of a manufacturing defect. Plaintiffs' response essentially was that the Ford Explorer has a well-known roll over tendencies and this design defect contributed to cause the accident. The Court cannot find that Ford actually moved for summary judgment on the design defect claim.

The basic causation theory of Plaintiffs' experts that Plaintiffs present is that the overly heavy dolly caused the Explorer to slide out of control as the dolly pushed the rear of the Explorer left. Eventually, the Explorer made contact with the guardrail and flipped over the rail. This theory of causation is completely at odds with the idea that the Explorer initiated a roll over unrelated to the U-Haul dolly.

Plaintiffs' claim against Ford has always seemed an afterthought in the absence of evidence demonstrating that some defective component of the Explorer caused this accident and only confirms the initial impression. There seems a reasonable chance that Plaintiffs' design defect claim will fall short. The Court will evaluate the proof at trial to determine whether this claim can go forward.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Ford's motion for summary judgment is SUSTAINED as to its failure to warn, warranty and manufacturing defect claims. Only the design defect claim shall proceed to trial.

This is not a final order.

cc:     Counsel of Record