UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:03CV-32-H

CORRY BURKE, et al.                                                                                          PLAINTIFFS

v.

U-HAUL INTERNATIONAL, INC., et al.                                                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiffs have asked this Court to reconsider the admissibility of testimony by participants in other accidents. Plaintiffs' objections concern the Court's handling of the issues in Section II.B.(3) and (4) of the Memorandum dated December 15, 2006. Plaintiffs' objections highlight the need for a more careful review of the proposed evidence. Even though Defendants have not had time to respond, the Court has reviewed the issue sufficiently to issue this order.

Evidence of other accidents can be admissible on issues of existence of a dangerous condition and Defendants' knowledge of such defect where those other accidents are deemed substantially similar. Plaintiffs rightfully point out that other federal courts have admitted testimony by victims of substantially similar accidents. *See, e.g., Wheeler v. John Deere Co.*, 862 F.2d 1404, 1408 (10th Cir. 1988) (permitting testimony of five victims who injured their arms in substantially similar accidents involving combines). However, even when substantial similarity of circumstances is proven, the Court has broad discretion to exclude those exhibits on grounds that their prejudicial effect or likelihood of confusion or undue delay outweighs their probative value under Fed. R. Civ. P. 403. *Brooks v. Chrysler Corp.*, 786 F.2d 1191, 1195 (D.C.

Cir. 1986). As the Court suggested at the pretrial conference, it has serious concerns that testimony by witnesses of prior accidents could result in a trial within a trial, as the focus shifts from the causation of the subject accident to the causation of prior accidents.

Upon review, the Court concludes that it reacted too quickly to exclude participant testimony without more individualized analysis of the precise testimony proposed. Rather than dismissing other accident testimony outright as unduly prejudicial while only minimally relevant, this Court shall first make a determination as to whether each accident was substantially similar to that of the present case. Therefore, prior to the commencement of trial Plaintiffs shall file a description of each accident they intend to introduce into evidence. This description shall include the following information:

1. A detailed description of the accident indicating which elements make it substantially similar to the subject accident. "Substantially similar means that the accidents must have occurred under similar circumstances or share the same cause." *Rye v. Black & Decker, Inc.*, 889 F.2d 100, 102 (6th Cir. 1989).

2. The purpose for which admission of the evidence is sought, *e.g.* notice, existence of a defect, or to refute testimony given by an opposing witness about the dangerousness of the design.

3. The manner in which the accident shall be introduced, *e.g.* expert testimony, eyewitness testimony, etc.

4. The scope and detail of the proposed testimony or evidence.

After receiving this information, this Court will determine the admissibility of each accident, considering whether it is in fact substantially similar to the subject accident and whether its

probative value outweighs its prejudicial effect.  The Court will hear further argument on this issue at the pretrial conference on January 19, 2007.

IT IS HEREBY ORDERED that the Plaintiffs' Motion for Reconsideration is SUSTAINED in accordance with the terms of this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that Plaintiffs should submit their response on or before January 15, 2007, so that these issues can be discussed at the pretrial conference on January 19, 2007.

cc:     Counsel of Record