UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:03CV-32-H

CORRY BURKE, et al.                                                                                    PLAINTIFF

v.

U-HAUL INTERNATIONAL, INC., et al.                                                         DEFENDANTS

**MEMORANDUM AND ORDER**

Plaintiffs again argue for the exclusion of testimony of Kentucky State Police Trooper Jamie Heller that Plaintiff Chris Burke told him that Plaintiff Corry Burke had "taken her seatbelt off and was turned around in her seat tending to the baby." Heller testified more than a year after the accident that Chris Burke had made the statement during an interview taken several hours after the accident. The statement was not on the police report or in the officer's written notes. Plaintiffs argue that the statement is inadmissible hearsay. The Court concludes that it is admissible under Fed. R. Evid. 801(d)(2)(A) as an admission by a party-opponent.

Fed. R. Evid. 802 prohibits the use of hearsay. The Federal Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). However, admissions by a party-opponent are specifically excluded from the definition of hearsay. Fed. R. Evid. 801(d)(2). A statement is not hearsay if the statement is offered against a party and is the party's own statement, in either an individual or a representative capacity. *Id.*

In this case, Heller's statement is non-hearsay under Fed. R. Evid. 801(d)(2)(A) as an

admission by a party-opponent. The statement (that Plaintiff Corry Burke had "taken her seatbelt off and was turned around in her seat tending to the baby") is offered against a party (Plaintiff Chris Burke) and is the party's own (Plaintiff Chris Burke's) statement. Therefore, the statement is admissible.

Plaintiffs' citation to *Lamastus v. Commonwealth*, 878 S.W.2d 32 (Ky. Ct. App. 1994) is inapplicable for two reasons: (1) as a Kentucky case, it uses the Kentucky Rules of Evidence rather than the Federal Rules of Evidence required in federal court, and (2) it does not involve an admission by a party-opponent.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to exclude Jamie Heller's testimony is again DENIED.

cc: Counsel of Record