UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:03CV-32-H

CORRY BURKE, et al.                                              PLAINTIFF

v.

U-HAUL INTERNATIONAL, INC., et al.                               DEFENDANTS

**MEMORANDUM AND ORDER**

Plaintiffs argue for the exclusion of testimony by Donald Tandy and the testing he conducted. Tandy had been retained as an expert witness by Ford Motor Company ("Ford") in this case but had never been designated as a witness by Defendant U-Haul International, Inc. ("U-Haul") until after Plaintiffs settled with Ford on November 9, 2006. On November 13, 2006, U-Haul listed Tandy as a lay witness. Plaintiffs promptly objected to U-Haul's use of any testing, reports or opinions from any of Ford's expert witnesses. For a number of reasons, the Court concludes that U-Haul is precluded from calling Tandy as either an expert or a fact witness.

The testimony of lay witnesses may not include opinions or inferences based on scientific, technical, or other specialized knowledge. Fed. R. Civ. P. 701(c). Tandy has the educational and professional background as well as technical expertise of an expert witness under Fed. R. Civ. P. 702, and he was designated as such by Ford. Tandy conducted testing while employed by Ford in preparation for litigation, and so he is properly characterized as an expert witness. *See, e.g., Harasimowicz v. McAllister*, 78 F.R.D. 319, 320 (E.D. Pa. 1978).

First, U-Haul may not use Tandy as an expert witness. Although Ford disclosed Tandy as an expert witness on May 1, 2006, U-Haul made no reference to Tandy until listing him as a lay witness after Plaintiffs had settled with Ford. Parties are required to disclose their expert witnesses in a sequence directed by the court. Fed. Rule. Civ. P. 26(c). In a November 2, 2005, Order Setting Jury Trial, the Court ordered that all parties disclose their expert witnesses by November 13, 2006. Failure to identify its expert by that date precludes U-Haul from introducing Tandy as an expert witness at trial. Second, Tandy's testing may not be introduced at trial because U-Haul has not made a showing that any of their witnesses relied upon any of his work. As such, it is irrelevant to this litigation. Finally, U-Haul has not demonstrated that would be unfairly prejudicial by the exclusion of such evidence.

The admission of this expert and evidence at this late date could unfairly prejudice Plaintiffs. U-Haul failed to disclose Tandy as an expert witness in compliance with the Court's expert disclosure deadlines, so there has not been sufficient notice for Plaintiffs' to prepare to rebut his testimony. The Court declines to make an exception to its schedule for this witness.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to exclude the testimony of and testing by Donald Tandy is SUSTAINED.

cc:     Counsel of Record