UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:03CV-32-H

CORRY BURKE, et al.                                                                PLAINTIFFS

v.

U-HAUL INTERNATIONAL, INC., et al.                                       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff proposes to introduce live testimony of four individuals and video depositions of seven others, all of whom were involved in accidents while hauling a 96" or 102" tow dolly. Each witness intends to describe the primary circumstances of the accidents: the rental of a U-Haul dolly whose weight was roughly equal to the towing vehicle, driving at acceptable speed in normal conditions, the sensation of the dolly swaying, and losing control leading to a crash. In each instance, the testimony is offered to show (1) that using a dolly with a 1:1 ratio is unreasonably dangerous, (2) that the dangerous condition could cause this accident, and (3) to impeach testimony by U-Haul experts that Chris Burke was driving in an unsafe manner. Defendant has objected to the testimony. The Court has discussed various aspects of the issue with the parties on numerous occasions. More recently the Court has thoroughly reviewed all the arguments and many of the cases that have discussed this difficult issue.

I.

Evidence of prior accidents is frequently admitted in negligence and products liability

cases. However, before such evidence may be admitted, the Court must make a threshold determination that it is relevant, as defined by Fed. R. Evid. 401.[1]  Prior accidents must be "substantially similar" to the one at issue before they will be admitted into evidence. *Rye v. Black & Decker Mfg. Co.*, 889 F.2d 100, 102 (6th Cir. 1989). Substantial similarity means that the accidents must have occurred under similar circumstances or share the same cause. *Id.* Even if a prior accident is relevant and substantially similar to the one at issue, it may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion, or waste of time. Fed. R. Evid. 403. Because the natural tendency of jurors is to believe that similar incidents have similar causes, the use of prior accidents as evidence almost always projects some risk of unfair prejudice.

II.

In determining whether the prior accidents are substantially similar and relevant to the Burke accident, the Court must consider the purpose for which they are being introduced. At least one of four reasons is usually cited for supporting the use of prior accident testimony. 1 *McCormick on Evidence* § 200 (Kenneth S. Broun, ed., 6th ed. 2006). Only one of the four appears potentially relevant here.

The first three are discussed only briefly. First, other accident evidence may be admitted to show a dangerous condition. *See, e.g., Bush v. Michelin Tire Corp.*, 963 F.Supp. 1436, 1451 (W.D. Ky. 1996). Here, the evidence of prior incidents is unnecessary to show a dangerous condition because the existence of the condition is not at issue. Plaintiff argues that the rental of

---

[1] Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401.

dollies having a 1:1 weight ratio with the towing vehicle was a dangerous policy. Defendant acknowledges its own rental policy. Therefore, this testimony is unnecessary to demonstrate the existence of a purported defective condition. Second, evidence of other accidents is received to prove that Defendants knew of a danger. *See, e.g., New York Life Ins. Co. v. Seighman*, 140 F.2d 930, 932 (6th Cir. 1944). Plaintiff does not propose using the testimony for this purpose. Third, evidence of prior accidents can be used to show the risk that a defendant's conduct created. *See, e.g., Rimer v. Rockwell Int'l Corp.*, 641 F.2d 450, 456 (6th Cir. 1981). The testimony of less than a dozen persons involved in separate accidents over a ten-year period during which time thousands of dolly rentals occurred does not tend to show a great risk. This is particularly true because the witnesses do not know the cause of their accident. Evidence that tends to suggest an element of risk associated with the use of a product requires more than the testimony of a lay witness in these circumstances.

The final reason is much more difficult to analyze. The evidence can be admissible to show that the alleged defect or dangerous condition (the 1:1 ratio) caused the injury. *See, e.g., Wojciechowski v. Long-Airdox Div. of Marmon Group, Inc.*, 488 F.2d 1111, 1116 (3rd Cir. 1973). The witnesses here fit that purpose because they will say that they experienced swaying and loss of control while towing a dolly under similar weight ratio conditions. The witnesses will describe similar circumstances in which they lost control of their vehicle. However, these witnesses can only describe what each has experienced. None of them can give an opinion about the cause of their accident. No expert has compared their experiences to those of the driver here, nor has any expert analyzed these other accidents to determine an actual cause. Consequently, the proposed testimony has almost no probative value on the issue of the cause of the accident in

this case. Indeed, Defendant has almost no way of effectively cross-examining the witness's version of the facts.

In addition to having relatively low probative value, the proposed evidence of prior accidents may lead to confusion of the jury and waste of time. *See* Fed. R. Evid. 403. Because the cause of the Burke accident is unknown, as are the causes of the prior accidents, introduction of the prior accidents could mislead the jury as to the cause of the Burke accident. They may also create trials within the trial, as both parties attempt to explore the causes of the prior accidents and waste much time on collateral issues. *See De Pue v. Sears, Roebuck and Co.*, 812 F.Supp. 750, 753 (W.D. Mich. 1992). The risk of confusing the jury and wasting time substantially outweighs the relatively low probative value of the evidence, and it thus may be excluded. *See* Fed. R. Evid. 403.

### III.

A review of other cases is instructive. In *De Pue*, the Court excluded expert testimony of prior accidents involving shotguns made by the same manufacturer because the facts surrounding the other accidents were such that causes other than defective bolt assemblies could not be ruled out. *De Pue*, 812 F.Supp. at 752-53. The court concluded that the cause of the weapon's malfunction could not be readily identified, nor were the facts surrounding the other accidents sufficient to rule out other causes, so they could not be considered sufficiently similar. *Id.* at 753. In the present case, the causes of both the prior accidents and the Burke accident are similarly undetermined, and the Court cannot conclude that the prior accidents are substantially similar to the Burke accident. Moreover, as the court noted in *De Pue*, admitting such evidence would result in too much time wasted on collateral issues. *Id.*

In *Rye*, the plaintiff alleged that a saw was defectively designed because its guard was inadequate and because the defendant failed to warn of its kickback hazard. *Rye*, 889 F.2d at 102. The Court excluded evidence of prior accidents because the particular circumstances of each may have been different. *Id.* The Court noted that even though the injuries had all been caused by the saw blade, a lot of the cases failed to explain the mechanism of how the injuries occurred. *Id.* Whether it was that the saw should have had a riving knife on it, or that a portion of the blade was exposed when the guard was fully closed, or that the guard simply failed to operate, it was nearly impossible for the district court to determine whether the prior accidents were substantially similar. *Id.* The same is true in this case. The alleged defect is known, but the causes of the previous accidents are either unknown or disputed.

In *Wojciechowski*, the Third Circuit admitted evidence of other examples of the misfiring of pressurized air tanks to rebut defendant's assertion that it cannot misfire unattended. *Wojciechowski*, 488 F.2d at 1115-16. In that case, the other incident testimony concerned direct evidence of unattended misfiring. *Id.* This rebutted the contention that an unattended misfiring was impossible. *Id.* In our case, we have evidence of other accidents, but only speculation that the weight-ratio caused it. U-Haul does not deny that accidents occur. In fact, the problem with accidents is that there are many potential causes of them and there is always the strong possibility of operator error. Defendant has no effective means of determining this.

In *Rhodes v. Michelin Tire*, 542 F.Supp. 60 (E.D. Ky. 1982), Judge Bertelsman allowed evidence of 200 tire flaps taken from the trucking fleet, all of which showed the same defective condition that Plaintiff argued caused the accident at issue. *Id.* at 62. Thus, the evidence tended to establish that the defective condition actually existed and, indeed, was prevalent. In *Rhodes*,

the evidence of the existence of the unintended defective condition on many tires left little doubt as to the existence of a defect in ordinary use. Here, the issue is not the existence of the alleged defect, but rather is causation, which is a lot more complicated. Showing that swaying occurred in four cases does not establish causation.

Our case is entirely unlike *Clark v. Chrysler Corp.*, 310 F.3d 461 (6th Cir. 2002), *vacated*, 540 U.S. 801 (2003), in which the same expert analyzed the case at issue and numerous other prior incidents, concluding that the same defect occurred in each. *Id.* at 468-72. In *Clark*, the expert's testimony is both probative because he connects several cases, demonstrating that a similar defect was a central cause in each. *Id.* In our case, this evidence may strongly suggest that using a tow-dolly having a 1:1 ratio with the towing vehicle creates a more dangerous driving condition. The expert testimony will support this conclusion. However, the description of prior accidents does not tend to suggest that the specific cause here can be identified as the 1:1 weight ratio. None of the witnesses will testify about a specific cause. No jury or expert has ever determined the causation of these other accidents. The testimony of these witnesses about their own individual experience does not tend to prove that this Plaintiff had the same experience.

### IV.

The Court is highly skeptical of the prior accident evidence in this circumstance. The testimony of witnesses in previous accidents informs the jury that each experienced swaying and then a rollover while driving with an attached U-Haul dolly. The jury will necessarily be asked to assume that the sway was caused by the weight ratio between the dolly and the towing vehicle. However, neither the jury nor this Court have any basis for assuming or believing that

the dolly design contributed to cause the accidents in the prior cases. Accidents may be caused by any number of factors, and it is nearly impossible for this Court to tell whether the proposed prior accidents share enough similarities to make them relevant to a determination of whether the weight ratio of the Burke's vehicle constituted a dangerous condition that caused their particular accident. A handful of accidents involving similar tow dollies does not necessarily indicate any unreasonably dangerous condition at all given how many dollies are rented each year. The probative value of such accidents is low, perhaps non-existent, but a jury would be tempted to use the emotionally disturbing testimony of the drivers of the prior accidents to conclude that the weight ratio of the vehicles caused the sway in the trailer which caused the accident and thus is unreasonably dangerous. Whether a condition is unreasonably dangerous should be based on the likelihood that it will cause harm, not on whether it has been present when great harm has occurred.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to exclude the evidence of numerous other allegedly similar accidents is SUSTAINED.

cc:   Counsel of Record