UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

FILED
Jeffrey A. Apperson, Clerk
FEB 12 2007
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

CIVIL ACTION NO. 3:03CV-32-H

CORRY BURKE, et al. PLAINTIFFS

v.

U-HAUL INTERNATIONAL, INC., et al. DEFENDANTS

**JURY INSTRUCTIONS**

**Members of the Jury**, now that you have heard all of the evidence and the argument of the attorneys, it is my duty to give you instructions as to the law applicable in this case.

It is your duty as jurors to follow the law as stated in the instructions, and to apply that law to the facts you find from the evidence. Do not single out one instruction alone as stating the law but you should consider the instructions as a whole. Nor should you be concerned with the wisdom of any rule of law stated by the Court. You must apply the law given in these instructions whether you agree with it or not.

It is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that controls. The statements, objections, and arguments made by the lawyers are not evidence. What the lawyers have said to you is not binding upon you. You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you

feel are justified in the light of your own common sense.

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness and the weight to be given to the testimony of each witness. In determining the credibility of any witness, you may properly consider the demeanor of the witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

The rules of evidence permit a witness who by education and experience has become expert in any art, science, or profession to state an opinion and the reasons for such an opinion. You should consider this evidence and give it such weight as you, in the application of your common sense, may think it deserves. If you should conclude that the reasons given by the expert witness in support of an opinion are not sound, or that the opinion is outweighed by other credible evidence in the case, or by the opinion of some other expert, then you may reject the opinion of such expert in whole or in part.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You should be guided in your deliberations by the quality and credibility of the evidence you have heard.

In this case it is each Plaintiffs' responsibility to persuade you that Plaintiffs' claim is more likely true than not.

## INSTRUCTION NO. 1

In this case, Plaintiffs claim that the U-Haul Defendants failed to exercise ordinary care when it designed or distributed the tow dolly to Plaintiffs. As the term is used in this instruction, "ordinary care" as applied to the U-Haul Defendants means such care as an ordinarily prudent tow dolly rental company would exercise under like or similar circumstances.

**Question #1: You will find for the Plaintiffs, Corry Burke and Chris Burke, individually and as Next Friend of Ryan Burke, a minor, if you are satisfied from the evidence that:**

**(1) The U-Haul Defendants failed to exercise ordinary care when it designed and distributed the tow dolly to Plaintiffs; and**

**(2) Such failure was a substantial factor in causing the accident and injury to Plaintiffs.**

**If you find true both of these statements, select "Yes" under Question #1 on the Verdict Form. If you do not find true one or both of these statements, select "No" under Question #1. Regardless of your answer, proceed to Instruction No. 2.**

## INSTRUCTION NO. 2

Plaintiffs also claim that U-Haul's design, manufacture, or distribution of the tow dolly made it defective and unreasonably dangerous. A product is unreasonably dangerous if it creates such a risk of injury or death that an ordinarily prudent company engaged in the design, rental, or distribution of similar products, being fully aware of the risk, would not have put it on the market. A manufacturer is not required to design the best possible tow dolly, or products as good as other manufacturers', or products better than it has designed, so long as the products are reasonably safe. The manufacturer is not a guarantor that nobody will get hurt in using the product, and a product is not defective or unreasonably dangerous merely because it is possible to be injured while using it. What the manufacturer is required to do is to make a product that is free from defective and unreasonably dangerous conditions.

**Question #2: You will find for the Plaintiffs, Corry Burke and Chris Burke, individually and as Next Friend of Ryan Burke, a minor, if you are satisfied from the evidence that:**

**(1)    The tow dolly, as designed, manufactured, or distributed by the U-Haul Defendants, is defective and unreasonably dangerous; and**

**(2)    The design, manufacture, or distribution of the tow dolly was a substantial factor in causing the accident and injuries to the Plaintiffs.**

**If you find true both of these statements, select "Yes" under Question #2 on the Verdict Form. If you do not find true one or both of these statements, select "No" under Question #2.**

**If you selected "No" in both Question #1 and Question #2, sign the Verdict Form,**

**and return to the courtroom. If you selected "Yes" in either Question #1 or Question #2, please proceed to Instruction No. 3.**

**INSTRUCTION NO. 3**

Chris Burke had a duty to exercise ordinary care in driving his vehicle for his safety and the safety of his passengers. As the term is used in this instruction, "ordinary care" as applied to Chris Burke means such care as an ordinarily prudent driver would exercise under like or similar circumstances.

**Question #3: If you are satisfied from the evidence that Chris Burke failed to exercise ordinary care while driving his vehicle, and that such failure was a substantial factor in causing his injuries and the injuries of the other Plaintiffs, then select "Yes" under Question #3 of the Verdict Form. Otherwise, select "No". Proceed to Instruction No. 4.**

## INSTRUCTION NO. 4

Corry Burke had a duty to exercise ordinary care for her own safety. As the term is used in this instruction, "ordinary care" as applied to Corry Burke means such care as an ordinarily prudent person would exercise under like or similar circumstances. As the driver of the vehicle, Chris Burke had a duty to ensure that his passengers wore seatbelts.

**Question #4: If you are satisfied from the evidence that Corry Burke failed to exercise ordinary care for her own safety and that such failure was a substantial factor in causing some of her injuries, or that Chris Burke failed to ensure that his passengers wore their seatbelts and that either such failure was a substantial factor in causing some of Corry Burke's injuries, then select "Yes" under Question #4 of the Verdict Form. Otherwise, select "No".**

**If you selected "Yes" under either Question #3 or Question #4 on the Verdict Form, proceed to Instruction No. 5. If you selected "No" for both Question #3 and Question #4, skip Instruction No. 5 and proceed to Instruction No. 6.**

## INSTRUCTION NO. 5

If you answered "Yes" under either Instruction No. 3 or Instruction No. 4 or both, you must allocate a percentage of fault among these persons and U-Haul.

**Question #5: Determine from the evidence the relative percentage of the total fault to be allocated among U-Haul, and any other person you found at fault under Instructions No. 3 and No. 4.  In determining these percentages of fault, you shall consider both the nature of their conduct and the extent that such conduct was a factor in causing the accident and injuries.  Please record these percentages under Question #5 of the Verdict Form and proceed to Instruction No. 6.  The sum total must be 100%.**

**INSTRUCTION NO. 6**

If you answer "Yes" under Question #1 or Question #2, you may award each Plaintiff such a sum in damages as will fairly and adequately compensate them for the reasonable damages which you believe that each has sustained as a direct result of the accident. Each Plaintiff may recover different kinds of damages as follows:

(1) Chris Burke may recover for loss of services, assistance, aid, society, companionship, and conjugal relationship of his wife that would have been derived from his marriage to Corry Burke.

(2) Corry Burke and Ryan Burke may recover for the reasonable medical expenses incurred for hospital and medical services, medicine, and medical supplies;

(3) Corry Burke may recover for the reasonable medical expenses which it is probable she will incur in the future;

(4) Corry Burke may recover for any loss of power to labor and earn money in the future; and

(5) Corry Burke and Ryan Burke may recover for any damages for their mental and physical pain and suffering, including that which either is reasonably probable to incur in the future;

**Indicate your awards for each Plaintiff under Questions #6A through #6C of the Verdict Form. Do not reduce the total damages by the percentages of fault you allocated in prior questions. The Court will perform these calculations, if they are necessary.**

**When you have completed Questions #1 through #6C, sign the Verdict Form and return to the courtroom.**

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors, to consult with one another, and to deliberate with a view to reach an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. A verdict form has been prepared for your convenience. You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the verdict upon which you unanimously agree with respect to each issue in this case; you will then return with your verdict to the courtroom.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:03CV-32-H

CORRY BURKE, et al. PLAINTIFFS

v.

U-HAUL INTERNATIONAL, INC., et al. DEFENDANTS

**VERDICT FORM**

Please record your verdict by answering the following questions; your verdict must be unanimous:

**Question #1: Failure to Exercise Ordinary Care**

Yes _____

No _____

**Question #2: Unreasonably Dangerous Product**

Yes _____

No _____

**Question #3: Chris Burke's Failure to Exercise Ordinary Care**

Yes _____

No _____

**Question #4: Corry Burke's Failure to Exercise Ordinary Care or Chris Burke's Failure to Ensure Passengers Were Wearing Seatbelt**

Yes _____

No _____

**Question #5: Apportionment of Fault**

| | |
|---|---|
| Percentage of fault attributable to U-Haul | _____% |
| Percentage of fault attributable to Chris Burke as driver | _____% |
| Percentage of fault attributable to Corry Burke for failure to exercise ordinary care for her own safety and to Chris Burke for failure to ensure that his passengers were wearing seatbelts | _____% |
| TOTAL | 100 % |

**Question #6A: Corry Burke's Damages**

| | |
|---|---|
| Medical expenses incurred, not to exceed $249,285.73 | $__________ |
| Future medical expenses likely to incur | $__________ |
| Loss of power to labor and earn | $__________ |
| Mental and physical pain and suffering | $__________ |

**Question #6B: Chris Burke's Damages**

| | |
|---|---|
| Loss of services, assistance, aid, society, companionship, and conjugal relationship with his wife, Corry Burke | $__________ |

**Question #6C: Ryan Burke's Damages**

| | |
|---|---|
| Medical expenses incurred, not to exceed $10,739.00 | $__________ |
| Mental and physical pain and suffering | $__________ |

____________ ________________________________

DATE FOREPERSON